UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARIA GUADALUPE AGUAYO-CASTANEDA,

        Petitioner,                      Case No. 1:06:CV:212

v.                                               (Criminal Case No. 1:04:CR:143)

UNITED STATES OF AMERICA,        HON. GORDON J. QUIST

        Respondent.

_____/

## OPINION

Before the Court is Maria Guadalupe Aguayo-Castaneda's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (docket no. 1). For the following reasons, this motion will be dismissed.

**I.    Procedural History**

On October 29, 2004, Petitioner pled guilty to being an alien found in the United States after having been convicted of an aggravated felony and deported and without consent to re-enter in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On January 31, 2005, this Court sentenced Petitioner to 57 months of imprisonment, and judgment was entered. Petitioner appealed her conviction to the Court of Appeals for the Sixth Circuit. After her counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 738 (1967), the Court of Appeals for the Sixth Circuit granted the motion to withdraw and affirmed the judgment of conviction and sentence. *See United States v. Aguayo-Castaneda*, No. 05-1239 (Nov. 14, 2005).

On March 28, 2006, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

## II.      Petitioner's Claim is Procedurally Defaulted

In her motion, Petitioner claims that there were factual inaccuracies in her presentence report and that her criminal history level was incorrect. (Pet. Mot. at 4.) But this claim must fail because Petitioner did not raise it on direct review. *See United States v. Aguayo-Castaneda*, No. 05-1239 (Nov. 14, 2005). Furthermore, Petitioner did not raise any of these objections at her sentencing hearing. *See* Sentencing Tr. at 3 (indicating that the defendant had no objection to anything in the presentence report).

As the Supreme Court has said, § 2255 petitions are not substitutes for direct appeals. *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994); *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982); *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir. 1998). The Supreme Court has imposed strict limitations upon the circumstances under which a guilty plea may be attacked on collateral review. *See Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610 (1998); *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47 (1984). Because Petitioner failed to challenge her claim on direct appeal, her claim is procedurally defaulted. *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611; *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999). As such, Petitioner is barred from raising her claim in a § 2255 motion unless she can demonstrate that "cause" and "actual prejudice" existed to excuse her failure to raise the issues on direct appeal, or that a constitutional error at the plea proceedings "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986)); *Hampton*, 191 F.3d at 698-99. To show cause, Petitioner must point to "some objective factor external to the defense" that prohibited her from raising her claim on direct appeal. *Murray*, 477 U.S. at 488, 106

S. Ct. at 2645. To show prejudice, she must demonstrate an error that worked to her actual and substantial disadvantage. *Frady*, 456 U.S. at 170, 102 S. Ct. at 1595-96.

Petitioner fails to allege or show that she is actually innocent of the offense for which she pled guilty. Likewise, she fails to allege or show that some external impediment prevented her from pursuing her claim on direct appeal. Moreover, she cannot show prejudice because the issues are without merit. In order to prevail on her § 2255 motion, Petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea. . . ." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Brecht v. Abramson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721 (1993)); *see also Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999). Petitioner has not met this burden.

## III.    No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that

3

this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## Conclusion

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because she has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated: August 31, 2006                         /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE